IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 06-cv-02319-WDM-BNB

FRANCISCO J. REYES,

    Plaintiff,

v.

BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF ARAPAHOE, et al.,

    Defendants.

## ORDER ON MOTION TO DISMISS AND MOTION FOR ATTORNEYS' FEES

Miller, J.

    This matter is before me on the Motion to Dismiss (doc no 34) filed by the Board of County Commissioners of the County of Arapahoe ("Board"), Arapahoe County Sheriff's Office, and Diane Shouse.  After the filing of this motion, Plaintiff moved and was granted leave to file an amended complaint, which addressed all the issues raised in the Motion to Dismiss.  Accordingly, this motion should be denied as moot.

    Also at issue is Defendants' Motion for Attorney Fees (doc no 71).  Plaintiff's original complaint contained a claim for a state tort claim of false imprisonment, which included an allegation that Defendants had acted willfully and wantonly.  Plaintiff thereafter withdrew this claim when he filed his Amended Complaint.  Defendants seek attorneys' fees pursuant to C.R.S. § 24-10-110(5)(c), which requires an award of attorneys' fees when a plaintiff does not substantially prevail in a claim for exemplary damages.

Although Plaintiff included an allegation in his original complaint that the individual defendants had acted in a willful and wanton manner, which is a requirement for liability of a public employee under C.R.S.§ 24-10-105(1), there is no request for exemplary damages in the prayer for relief for this claim.[1] The plain language of C.R.S. § 24-10-110(5)(c) mandates an award of attorneys' fees where "exemplary damages are sought based on allegations that an act or omission of a public employee was willful and wanton." The statute does not require an award of attorneys' fees simply because a complaint includes an allegation of willful and wanton conduct, nor do the cases cited by Defendant establish this. *See, e.g., Terry v. Sullivan*, 58 P.3d 1098 (Colo. App. 2002) (plaintiff alleged willful and wanton conduct and sought exemplary damages, but did not prevail).

Accordingly, it is ordered:

1. The Motion to Dismiss (doc no 34) is denied as moot.
2. The Motion for Attorney Fees (doc no 71) is denied.

DATED at Denver, Colorado, on June 22, 2007.

BY THE COURT:

s/ Walker D. Miller
United States District Judge

---

[1] Indeed, under Colorado law, a party is precluded from pleading a claim for exemplary damages in an initial claim for relief. C.R.S. § 13-21-102(1.5)(a).

2